UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MATTHEW CAMPBELL and
CHRISTINA CAMPBELL,

Plaintiffs,

v.  408CV258

WAYNE MICHAEL HALL, WARRIOR
TRANSPORTATION, LLC, AEQUICAP
INSURANCE COMPANY, and CROWN
PRODUCTS COMPANY, INC.,

Defendants.

---

COREY SOMMERS

Plaintiff,

v.  408CV257

WAYNE MICHAEL HALL, WARRIOR
TRANSPORTATION, LLC, AEQUICAP
INSURANCE COMPANY, and CROWN
PRODUCTS COMPANY, INC.,

Defendants.

## ORDER

Before the Court is plaintiffs Matthew and Christina Campbell's motion to consolidate their action (408CV258) with the action filed by Corey Sommers (408CV257). Doc. # 12.[1] The cases have identical defendants and arise from the same automobile accident that took place on Interstate 95 on 8/10/07. The Campbells and Sommers were passengers in the same truck that collided with defendant Michael Hall's tractor trailer which was parked in the emergency lane of the interstate.

---

[1] All docket citations reference 408CV258.

"If actions before the Court involve a common question of law or fact, the court may ... consolidate the actions." F.R.Civ.P. 42 (a). In exercising its discretion to consolidate cases, the Court considers

> whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (quotes, cite, and alterations omitted). Here, plaintiffs allege that separate trials would create a risk of prejudice to the parties and of inconsistent adjudications. Particularly, the plaintiffs are concerned that defendants' limited insurance fund could be depleted by the first suit that obtains a verdict, leaving nothing for the plaintiff in the second to collect. Doc. # 21 at 6. Additionally, separate juries could assign different percentages of liability to the parties in each case, resulting in inconsistent judgments. *Id.*

Defendants argue that consolidation is improper because there is a legal issue that has been raised in one case but not the other. Doc. # 19 at 1. The Campbell plaintiffs have alleged that the defendants should be sanctioned for spoliation of evidence for selling Hall's trailer after the accident without giving the plaintiffs an opportunity to inspect its tail lights. *Id.* Defendants represent that Sommers has not made a similar claim. *Id.* at 2. Thus, they argue that one party might be entitled to a jury instruction on spoliation of evidence and the other may not, which would

result in confusion and prejudice to the defendants.

The Court is not convinced that this *potential* spoliation issue outweighs the benefits of consolidation of these cases. Nor is it likely that this issue will even materialize given that nothing prevents Sommers from making the same spoliation claim or suggests that he will not do so.

Plaintiffs' motion to consolidate is **GRANTED**. Doc. # 12. This case (*i.e.* 408CV258) therefore is **CONSOLIDATED** with 408CV257 and **TRANSFERRED** to District Court Judge Lisa G. Wood, who presides over 408CV257. This Clerk is instructed to administratively close this case file (*i.e.* 408CV258). All future filings shall be filed in 408CV257.

This 13th day of April 2009.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA